## Bullock, Superintendent of Schools, et al. v. Brown.

(Decided March 22, 1935.)

J. J. FELTON for appellants.

WILLIAMS & DENNEY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The sole question herein for decision is whether the petition states facts sufficient to constitute a cause of action, when tested by a demurrer.

Henry Brown, asserting "that he as a teacher has all grades required of teachers of the public schools in the State of Kentucky, and that he has taught four public schools in Rockcastle County, Kentucky," sued the county superintendent of schools and the members of the board of education of Rockcastle county. For his cause of action he alleges that Ellen McKinney and Lloyd McKinney, who were trustees of subdistrict No. 18, known as Freedom, in Rockcastle county, nominated him to teach the school in the district for the years 1934 and 1935, beginning in July, 1934. And on the —— day of ———— month, 1934, they so notified, in writing, the county board of education and the county superintendent; later, the latter, by writing, informed him that he had been hired to teach the school. Accordingly, he entered upon his duties as teacher in the

district and taught three weeks, when the superintendent, on the 13th day of August, 1934, notified him that he would not be allowed to teach.

His petition contains this additional statement:

"Plaintiff states that he is thoroughly and well qualified to teach the said school and has all the qualifications of such teacher as is required by the laws of the State of Kentucky, and that no reason whatever has been assigned by the said Bullock, Superintendent, or by any member of the Board why he should not be allowed to finish teaching in the said district."

He further states that neither the superintendent nor any member of the county board of education had made any charge, formally or otherwise, against him, or assigned any reason why he should not be allowed to teach it.

To determine the sufficiency of these allegations to constitute a cause of action, it is essential to consider the facts alleged in connection with the sections of the statutes covering the subject-matter.

Section 4502-3 of the Statutes describes the kinds of certificates that shall be issued to teachers of public schools.

Section 4503-2 reads:

"No teacher or other person shall enter upon the duties of a position requiring certification qualifications until his or her certificate has been filed or credentials registered with the board of education employing such person."

Section 4399-9 contains this language:

"The subdistrict trustee shall nominate a competent and qualified teacher or teachers for each teaching position in his subdistrict, provided that no subdistrict trustee shall nominate any person related to such subdistrict trustee as father, mother, brother, sister, husband, wife, son, daughter, nephew, niece, aunt, uncle, son-in-law, daughter-in-law, or first cousin, for any teaching position in his subdistrict and the board of education of the county school district shall elect such person or persons to

such teaching position or positions except that the board of education of the county school district may reject the nomination or nominations for cause, provided all rejections shall be stated in writing. In the event of the rejection of the person or persons nominated, the subdistrict trustee or trustees shall nominate another person for the position or positions and the board of education may reject such nomination or nominations for cause, provided that the nomination for teachers shall be made in writing on or before the first day of April next preceding the beginning of the school year, and such nomination shall not be made before the first day of February.

"After a written recommendation has been filed with the county board of education, the subdistrict trustee shall not have authority to withdraw such recommendation except for legal cause or by permission of the county board of education; provided further that in case the subdistrict trustee withdraws his recommendation for cause or by permission of the county board of education, he shall make another recommendation on or before the subdistrict trustee does not recommend a teacher within the time set out in the law, the county board of education has authority to elect a teacher upon the recommendation of the county superintendent."

A comparison of the allegations of the petition with these sections discloses that Brown's petition entirely fails to show that these sections were complied with. They are no more than an expression of his opinion of his qualifications as a teacher. He nowhere alleges that he had been issued any kind of certificate, authorizing him to teach the school; nor does he allege that before entering upon his duties he had filed a certificate of his qualifications or registered his credentials with the county board of education. The statements in his petition, "that he as a teacher has all grades required of teachers," "he is thoroughly and well qualified to teach," and "has all the qualifications of such teacher as required by the laws of the State of Kentucky," are not the equivalent to an allegation that he had been issued a certificate as defined by section 4502-3. Though this language be interpreted as equivalent to an allegation that he was the holder of a certificate defined there-

in, there is no allegation to the effect that the county board of education had received of the subdistrict trustees his nomination as teacher and acted thereon, or that before commencing teaching he had complied with section 4503-2.

The absence of such allegations rendered his petition insufficient to state a cause of action, though the allegations thereof were otherwise sufficient to show that he was the holder of a certificate issued to him as required by section 4502-3.

The county superintendent and the board of education argue that section 4384-30 requires Brown's contract with the board of education to be in writing, and that the petition fails to allege that his employment as teacher was evidenced by a written contract; therefore, it fails to state a cause of action. It is unnecessary to discuss or consider this question, since it is our view the petition does not, as we have indicated, otherwise state facts sufficient to constitute a cause of action, and that the court improperly overruled the demurrer thereto.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.